**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT H. BURROW,

     Petitioner,                   Civil No. 04-CV-71136-DT
                                      HONORABLE ARTHUR J. TARNOW
v.                               UNITED STATES DISTRICT JUDGE

CARMEN D. PALMER,

     Respondent,
_____/

## OPINION AND ORDER DENYING THE
## PETITION FOR WRIT OF HABEAS CORPUS

     Robert H. Burrow, ("petitioner"), presently confined at the Deerfield

Correctional Facility in Ionia, Michigan, has filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction and

sentence on one count of assault with intent to commit murder, M.C.L.A. 750.83;

M.S.A. 28.278.  For the reasons stated below, the petition for writ of habeas

corpus is **DENIED.**

### I. Background

     Petitioner was originally charged with assault with intent to murder his wife

in 1996.  Petitioner originally pleaded *nolo contendere* on January 15, 1997

before Judge Michael J. Talbot in the Wayne County Circuit Court, but withdrew

his plea on January 31, 1997, the date of sentencing.

1

*Burrow v. Palmer,* 04-71136-DT

On February 20, 1997, petitioner was convicted of assault with intent to commit murder by a jury in the Wayne County Circuit Court. Over defense counsel's objection, petitioner was sentenced the same day to fifty to one hundred years in prison. However, on remand from the Michigan Court of Appeals, Judge Talbot's successor, Judge Leonard Townsend, granted petitioner's motion for a new trial.

On May 5, 2000, petitioner pleaded guilty pursuant to a *Cobbs* agreement whereby the trial court agreed to sentence petitioner at the lower end of the sentencing guidelines. [1] At sentencing on June 8, 2000, petitioner's defense counsel, Jon Posner, indicated that the sentencing guidelines after petitioner's trial had been scored at seventy two to one hundred and eighty months, but that the probation department was now scoring the sentencing guidelines at ninety six to one hundred and eighty months. After some argument over which guidelines range was accurate, Judge Townsend indicated that he would accept defense counsel's lower guidelines range. When petitioner's counsel indicated that the *Cobbs* agreement called for a sentence at the low end of the guidelines range, Judge Townsend responded by indicating that the *Cobbs* agreement merely called for a sentence within the guidelines range. Judge Townsend, however, permitted petitioner to withdraw his guilty plea.

---

[1] *People v. Cobbs*, 443 Mich. 276; 505 N.W. 2d 208 (1993).

*Burrow v. Palmer,* 04-71136-DT

On August 7, 2000, petitioner's counsel, Jon Posner, moved to withdraw as counsel, citing a breakdown in the attorney-client relationship.  After a hearing on the motion, the court permitted Posner to withdraw as counsel.

Susan Reed was subsequently appointed as substitute counsel for petitioner.  However, on the trial date of September 25, 2000, Robert Slameka filed an appearance as retained counsel for petitioner.  Judge Townsend recused himself from petitioner's case and assigned the matter to Judge Cynthia Gray Hathaway.

On November 7, 2000, petitioner's new counsel, Robert Slameka, asked Judge Hathaway for a *Cobbs* evaluation, advising her that petitioner's sentencing guidelines were eight to fifteen years.  During the discussion, the prosecutor indicated that petitioner had stabbed his wife approximately no less than eighteen times to the throat and four times to the chest.  Judge Hathaway indicated that she would be willing to sentence petitioner to ten to thirty years in prison if he pleaded guilty.  Petitioner indicated that he wanted to plead guilty.  The trial court advised petitioner of the constitutional rights that he would relinquish by pleading guilty.  In response to the court's questions, petitioner denied that any threats had been made to plead guilty and further indicated that he was pleading guilty voluntarily.  Petitioner told the court that he stabbed his wife two or three times and intended to kill her.

3

*Burrow v. Palmer,* 04-71136-DT

Petitioner's counsel asked the trial court to proceed immediately to sentencing. Petitioner's counsel again advised the trial court that petitioner's sentencing guidelines were eight to fifteen years. The trial court sentenced petitioner to ten to thirty years in prison.

Petitioner subsequently filed a motion to withdraw his guilty plea and for re-sentencing. Judge Jeanne Stempien, sitting in the absence of Judge Hathaway, heard oral argument on the motion and denied the motion in a subsequent written opinion. *People v. Burrow,* 96-503266 (Wayne County Circuit Court, January 9, 2002). The Michigan appellate courts denied petitioner leave to appeal. *People v. Burrow,* 239190 (Mich.Ct.App. March 6, 2002); *lv. den.* 467 Mich. 910; 655 N.W. 2d 555 (2002). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Defendant's attorney rendered constitutionally ineffective assistance of counsel, in violation of the Sixth Amendment.
>
> II. Trial court abused its discretion in denying plea withdrawal on the basis that it was not true and defendant is innocent.
>
> III. Trial court abused its discretion on denying plea withdrawal, plea was not voluntary due to defendant's mental condition.
>
> IV. Defendant was sentenced on the basis of prejudicial and inaccurate information and the court failed to resolve the dispute.

## II. Standard of Review

An application for a writ of habeas corpus on behalf of a

4

*Burrow v. Palmer,* 04-71136-DT

person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

5

*Burrow v. Palmer,* 04-71136-DT

### III. Discussion

**A.  Claim # 1.  The ineffective assistance of counsel claim.**

Petitioner initially claims that he was deprived of the effective assistance of trial counsel.  Petitioner's primary claim is that his final trial counsel, Robert Slameka, provided ineffective assistance of counsel during the *Cobbs* evaluation, by informing the trial court that the sentencing guidelines range was ninety six to one hundred and eighty months, when in fact, the guidelines had previously been scored at seventy two to one hundred and eighty months. Petitioner contends that had his trial counsel informed the trial court about the lower sentencing guidelines range, the trial court would have offered to sentence petitioner to a lower sentence that ten to thirty years.  Petitioner further claims that his counsel coerced him into pleading guilty, by threatening to withdraw as his counsel if he refused to plead guilty.  Finally, petitioner contends that counsel was ineffective for failing to offer any allocution at his sentencing after he pleaded guilty.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*,

6

*Burrow v. Palmer,* 04-71136-DT

466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong
presumption that counsel's behavior lies within the wide range of reasonable
professional assistance. *Id.*  In other words, petitioner must overcome the
presumption that, under the circumstances, the challenged action might be
sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must
show that such performance prejudiced his defense. *Id.*  To demonstrate
prejudice, the defendant must show that "there is a reasonable probability that,
but for counsel's unprofessional errors, the result of the proceeding would have
been different." *Strickland,* 466 U.S. at 694; 104 S. Ct. at 2068.

In order to satisfy the prejudice requirement for an ineffective assistance
of counsel claim in the context of a guilty plea, the defendant must show that
there is a reasonable probability that, but for counsel's errors, he or she would
not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*,
474 U.S. 52, 58-59 (1985).

As an initial matter, petitioner has failed to conclusively establish that his
sentencing guidelines range, was, in fact, seventy two to one hundred and eighty
months.  When petitioner was originally convicted by a jury on February 20,
1997, there was some dispute over the sentencing guidelines.  Petitioner's
counsel at the time scored the sentencing guidelines at seventy two to one
hundred and eighty months, but the prosecutor indicated that she had scored the

7

*Burrow v. Palmer,* 04-71136-DT

sentencing guidelines at ninety six to one hundred and eighty months.  Judge

Talbot agreed to defense counsel's scoring of the guidelines range, but ended

up departing from the sentencing guidelines range. (T. 02/20/1997, pp. 86-87,

91-94).

  At petitioner's aborted sentencing proceeding on June 8, 2000, there was

apparently some dispute over the scoring of the sentencing guidelines, with

Judge Townsend indicating that he believed that the guidelines should now be

scored at ninety six to one hundred and eighty months.  However, Judge

Townsend agreed to accept defense counsel's lower guidelines range of seventy

two to one hundred and eighty months, finding the difference in the two

guidelines ranges to be trivial, particularly in light of the fact that he planned on

sentencing petitioner at the higher end of the guidelines range.

  The most recent Pre-Sentence and Investigation Report in this case,

which was prepared on May 23, 2000, also scored petitioner's sentencing

guidelines at ninety six to one hundred and eighty months.

  In rejecting petitioner's ineffective assistance of counsel claim, the post-

conviction court first found that petitioner's counsel had correctly informed the

court about the accurate sentencing guidelines range, noting that petitioner's

sentencing guidelines had been scored by the probation department at ninety six

to one hundred and eighty months.  The post-conviction court further found that

8

*Burrow v. Palmer,* 04-71136-DT

petitioner could not establish that he was prejudiced by any alleged incorrect scoring of the guidelines by petitioner's counsel.  The post-conviction court noted that Judge Hathaway made a *Cobbs* evaluation for ten to thirty years, which showed that she was inclined, as Judge Townsend had been, to sentence petitioner to the higher end of the sentencing guidelines range, regardless of the minimum sentencing range.

In this case, petitioner's ineffective assistance of counsel must fail because his claim that his counsel would have had increased bargaining power with the judge at the *Cobbs* hearing had he informed her that the sentencing guidelines range was seventy two to one hundred and eighty months is entirely speculative. *See United States v. Baramdyka,* 95 F. 3d 840, 846-47 (9th Cir. 1996).  Although petitioner's counsel may have lacked familiarity with the applicable guidelines range, petitioner has failed to show that counsel's lack of familiarity prejudiced petitioner in this case. *See United States v. Khalife,* 954 F. Supp. 1168, 1171 (E.D. Mich. 1997).

Petitioner further alleges that his counsel coerced him into pleading guilty by threatening to withdraw as his counsel.  However, petitioner stated on the record at his plea hearing that no threats had been made to get him to plead guilty and that he was pleading freely and voluntarily.  Petitioner's bare claim that his counsel coerced him into pleading guilty is insufficient to overcome the

9

*Burrow v. Palmer,* 04-71136-DT

presumption of verity which attaches to petitioner's statements during the plea

colloquy, in which he denied that any force or threats had been used to get him

to enter his plea. *See e.g. Restucci v. Spencer,* 249 F. Supp. 2d 33, 45-46 (D.

Mass. 2003);*See also Heiser v. Ryan,* 813 F. Supp. 388, 401-03 (W.D. Pa.

1993)(rejecting petitioner's claim that counsel coerced his guilty plea by

threatening to withdraw from the case, where the petitioner indicated during the

plea colloquoy that his plea was voluntary).

Petitioner lastly contends that counsel was ineffective for failing to offer

any allocution on his behalf prior to sentencing.  In light of the fact that there was

a sentence agreement of ten to thirty years in this case, petitioner has failed to

show how he was prejudiced by counsel's failure to allocute on his behalf at

sentencing. *See e.g. United States v. Forsythe,* 985 F. Supp. 1047, 1054 (D.

Kan. 1997)(defendant failed to demonstrate prejudice from counsel's advice

against exercising his right to allocution at the sentencing hearing, as required to

establish ineffective assistance of counsel, where the court was unaware of any

argument which defendant would have made during allocution which would have

altered defendant's sentence).  Petitioner is not entitled to habeas relief on his

first claim.

**B.  Claims # 2 and # 3.  The plea withdrawal claims.**

The Court will consolidate petitioner's second and third claims for

10

*Burrow v. Palmer,* 04-71136-DT

purposes of judicial clarity.  In his second claim, petitioner contends that he
should have been permitted to withdraw his plea of guilty, on the ground that he
is innocent of the crime of assault with intent to murder.  In his third claim,
petitioner alleges that the voluntary nature of his guilty plea was undermined by
various physical and mental health problems that petitioner was suffering from.

In order for a plea of guilty to be voluntarily and intelligently made, the
defendant must be aware of the "relevant circumstances and likely
consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256,
257 (6th Cir. 1991).  The defendant must also be aware of the maximum
sentence that can be imposed for the crime for which he or she is pleading
guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994).  When a petitioner brings
a federal habeas petition challenging his plea of guilty, the state generally
satisfies its burden by producing a transcript of the state court proceedings
showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324,
326 (6th Cir. 1993).  The factual findings of a state court that the guilty plea was
properly made are generally accorded a presumption of correctness.  A habeas
petitioner must overcome a heavy burden if the federal court is to overturn these
findings by the state court. *Id.*  A federal court will uphold a state court guilty plea
if the circumstances demonstrate that the defendant understood the nature and
consequences of the charges and voluntarily chose to plead guilty. *See Hoffman*

11

*Burrow v. Palmer,* 04-71136-DT

*v. Jones,* 159 F. Supp. 2d 648, 655-56 (E.D. Mich. 2001).  Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid. *Myers v. Straub,* 159 F. Supp. 2d 621, 626 (E.D. Mich. 2001).

A review of the plea transcript demonstrates that petitioner's guilty plea was knowingly, intelligently, and voluntarily made.  Prior to accepting petitioner's plea, petitioner was advised of the maximum penalties for the charge of assault with intent to commit murder.  The trial court advised petitioner of the trial rights that he would be relinquishing by pleading guilty.  In response to the trial court's questions, petitioner indicated that it was his own choice to plead guilty and denied that any threats or promises [other than the *Cobbs* agreement] had been made to get him to plead.

Petitioner initially claims that his plea of guilty should have been set aside, because he lacked the specific intent to kill his wife, and therefore, is not guilty of assault with intent to commit murder.

When a federal habeas court considers a habeas petitioner's assertion of innocence, "[t]he self-inculpatory statements he made under oath at his plea allocution carry a strong presumption of verity, and the court, in reviewing the belated claims of innocence, must draw all permissible inferences in favor of the government and against the defendant." *Urena v. People of State of New York,*

12

*Burrow v. Palmer,* 04-71136-DT

160 F. Supp. 2d 606, 610 (S.D.N.Y. 2001)(*quoting United States v. Maher,* 108

F. 3d 1513, 1530 (2nd Cir. 1997)); *See also Garrison v. Elo,* 156 F. Supp. 2d 815,

829 (E.D. Mich. 2001)(petitioner's "admissions of factual guilt are entitled to

great weight").  The mere assertion of innocence, absent a substantial

supporting record, is insufficient to overturn a guilty plea, even on direct appeal.

*Everard v. United States*, 102 F. 3d 763, 766 (6th Cir. 1996).

 In the present case, the state post-conviction court's determination that

petitioner's assertion of innocence was insufficient to entitle him to withdraw his

guilty plea was not an unreasonable application of Supreme Court precedent,

and thus was not a ground for habeas relief, where petitioner's claim that he did

not intend to kill his wife was contradicted by the record, including his own

admissions at the plea hearing that he stabbed the victim with a knife two or

three times and intended to kill her. *See Hutchings v. Herbert,* 260 F. Supp. 2d

571, 579-80 (W.D.N.Y. 2003).  Moreover, the trial court did not err in refusing to

vacate petitioner's guilty plea on the ground that he was intoxicated at the time

of the stabbing, where there was no evidence that petitioner was so intoxicated

at the time of the stabbing that he was unable to form the requisite intent needed

to assert voluntary intoxication as a defense to the crime of assault with intent to

murder.  The defense of intoxication in an assault with intent to murder case in

Michigan is only proper if the facts of the case would allow the factfinder to

*Burrow v. Palmer,* 04-71136-DT

conclude that the defendant's intoxication was so great that the defendant was unable to form the necessary intent. *People v. Mills,* 450 Mich. 61, 82; 537 N.W. 2d 909 (1995); *modified on other grds* 450 Mich. 1212 (1995). This Court therefore rejects petitioner's present contention that he may have had an affirmative defense to the assault with intent to murder charge, because any affirmative defense is inconsistent with the sworn statements that petitioner made at his plea allocution. *See Diaz v. Manello,* 115 F. Supp. 2d 411, 421 (S.D.N.Y. 2000).

In his third claim, petitioner contends that his guilty plea was involuntary, because of various physical and mental health problems that he was suffering. Petitioner points to the fact that he was not receiving adequate medical care for his diabetes while incarcerated at the Wayne County Jail in the summer of 2000, was not being treated in the summer of 2000 for Hepatitis C, or for injuries suffered from an assault by other inmates. Petitioner further claims that he suffers from depression, for which he has been prescribed Prozac.

Petitioner is unable to show that his diabetic condition, his hepatitis, or his other medical conditions  rendered his plea involuntary, because there is no evidence that these conditions were not being treated at the time of petitioner's guilty plea on November 7, 2000. The mere fact that petitioner was suffering from diabetes or Hepatitis C would not render his guilty plea involuntary.

14

*Burrow v. Palmer,* 04-71136-DT

Petitioner has also failed to show that his depression or the fact that he was being treated for this condition with Prozac rendered his plea involuntary, in light of the lucid, rational responses that he made at the plea hearing. See *United States v. Allen,* 981 F. Supp. 564, 580-81 (N.D. Iowa 1997)(evidence was insufficient to support defendant's claim that effects of Prozac which were prescribed for depression rendered her guilty plea involuntary, where defendant's sworn statements at plea hearing were lucid). Petitioner is not entitled to habeas relief on his second or third claims.

### D. Claim # 4. The sentencing information claim.

Petitioner lastly alleges that the trial court relied on inaccurate information in imposing sentence. Petitioner specifically claims that the trial court failed to resolve a factual dispute between the prosecutor and petitioner over the number and location of the stab wounds. The prosecutor indicated that the victim had been stabbed no less than twenty two times, while petitioner claims that he only stabbed the victim two or three times.

A criminal defendant possesses a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980); *Townsend v. Burke*, 334 U.S. 736, 741 (1948)(stating that reliance on "extensively and materially false" information, which the prisoner had no opportunity to correct, violates due process of law). In

15

*Burrow v. Palmer,* 04-71136-DT

order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. *Welch v. Burke*, 49 F. Supp. 2d 992, 1007 (E.D. Mich. 1999). Where a petitioner fails to demonstrate in his or her petition that the sentencing court relied upon materially false information in imposing sentence, this claim is without merit. *Thomas v. Foltz*, 654 F. Supp. 105, 108 (E.D. Mich. 1987).

Petitioner is not entitled to habeas relief for several reasons. First, petitioner agreed to be sentenced to ten to thirty years in prison as part of his *Cobbs* agreement. A defendant who consents to a specific sentence in a plea agreement and receives the exact sentence that he bargained for waives the right to challenge the sentence on appeal or collateral review. *United States v. Livingston,* 1 F. 3d 723, 725 (8th Cir. 1993)(internal citations omitted); *Lozada-Rivera v. United States,* 195 F. Supp. 2d 365, 368 (D. Puerto Rico 2002).

Second, as the state post-conviction court noted when it rejected this claim, there was evidence presented at petitioner's trial that the victim had suffered anywhere from seven to eighteen stab wounds. Even petitioner's state appellate court brief, which he has attached to his petition, indicates that the trial testimony established that the victim had suffered anywhere from three to ten stab wounds. The state post-conviction courts' factual determination that the

16

*Burrow v. Palmer,* 04-71136-DT

trial court did not rely on inaccurate information in sentencing petitioner was not

unreasonable, because it was "at least minimally consistent with the facts and

circumstances of the case" and thus, habeas relief is not warranted. *Lechner v.*

*Litscher,* 213 F. Supp. 2d 975, 985 (E.D. Wis. 2002).

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of

habeas corpus is **DISMISSED WITH PREJUDICE.**


<u>**s/Arthur J. Tarnow**</u>
**HON. ARTHUR J. TARNOW**
UNITED STATES DISTRICT COURT

DATED:  June 15, 2005


I hereby certify that a copy of the foregoing document was served upon counsel
of record on June 15, 2005, by electronic and/or ordinary mail.

<u>s/Catherine A. Pickles</u>
Case Manager

17